## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JESSE GERARD SIMPSON**                                **CIVIL ACTION**

**VERSUS**                                              **NO: 25-1223**

**ROCKET MORTGAGE, LLC**                                **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Rocket Mortgage's Motion to Dismiss (Doc. 6).  For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Jesse Gerard Simpson filed this *pro se* action against Defendant Rocket Mortgage, LLC arising out of a mortgage agreement. Plaintiff's Complaint alleges in its entirety that:

> On November 27, 2023, Rocket Mortgage, LLC and I entered into a mortgage agreement. A promissory note was signed for the real property at Oak Title in New Orleans, LA. Clear understanding and key terms were not provided. Between November 2024 and

1

April 2025, several presentments were mail [sic] to Brian Brown,
Chief Financial Officer but there was no response.

Defendant Rocket Mortgage, LLC has moved to dismiss Plaintiff's claims against it, alleging that he has failed to state a claim. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

As Defendant points out, Plaintiff's Complaint does not contain any factual allegations that would support a claim against Defendant. Because the Complaint references a "Mortgage Agreement" and "promissory note," the Court assumes that Plaintiff seeks to bring a breach of contract claim against Defendant. Plaintiff does not, however, identify a contractual term that Defendant breached or statute that it violated. It also does not include information regarding the content of the "presentments" or Defendant's duty to respond thereto. Accordingly, Plaintiff's Complaint fails to allege a claim against Defendant.

Having determined that the Complaint fails to state a claim, the Court must consider whether to dismiss Plaintiff's case or allow him leave to amend his Complaint. The Fifth Circuit has held that courts "may not dismiss a complaint under [R]ule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[8] In his opposition to Defendant's Motion to Dismiss, Plaintiff provides further details regarding his claim. In addition, Defendant has provided the Court with the promissory note and mortgage agreement referenced in the Complaint. The Court will consider this additional information to determine whether amendment would be futile.

In his opposition, Plaintiff states that he executed a promissory note and mortgage agreement with Defendant for the property located at 4300 Jeanne Marie Place, New Orleans, LA 70122. He alleges that there was a lack of

---

[8] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

consideration for this agreement and that Defendant never sent any amount of money to Plaintiff. He alleges that he was not informed regarding certain terms or aspects of the agreement. He alleges that the debt was submitted to the Mortgage Electronic Registration System and purchased by Federal Home Loan Mortgage Corporation Fannie Mae/Freddie Mac. He argues that because this process bifurcates the mortgage and note, the contract is unenforceable. Finally, Plaintiff makes the following allegations:

> The promissory note and deed of trust or mortgage must follow each other. Rocket Mortgage, LLC used steering tactics and avoided crucial information that plaintiff's real property doesn't qualify to be in a mortgage transaction, nor does the plaintiff qualify to be in it. Rocket Mortgage, LLC operated under false pretenses for unjust enrichment by double-dipping.
>
> <u>Dishonor of Presentment</u>
> Plaintiff mailed presentment priority and confidential to the attention of Chief Financial Officer Brian Brown to Rocket Mortgage Headquarters registered mail. Defendant didn't adhere to the fiduciary obligation regarding information requested such as, copies of book keeping, corporate records, copy of promissory note (wet ink). Defendant was also in dishonor of the Presentment, due to tacit desist.

Plaintiff also attached to his Opposition several correspondences sent to Brian Brown, including ones entitled "Notice to Cancel Contract;" "Notice of Fault

4

Opportunity to Cure;" and "Notice of Default in Dishonor Consent to Judgment."

Defendant argues that allowing Plaintiff to add these allegations to his Complaint would be futile because they still fail to state a claim upon which relief can be granted. This Court agrees.

First, the promissory note and mortgage do not support a claim that there was a lack of consideration for Plaintiff's agreement with Defendant. The documents show that the promissory note was executed for the property located at 4300 Jeanne Marie Place, New Orleans, Louisiana. The loan proceeds were used to purchase the property that is secured by the mortgage. Plaintiff does not allege that Defendant failed to pay the seller or that the sale failed to close. Rather, this argument appears to be based on the "vapor money" theory, which "has been rejected consistently by federal courts across the country, including this Court, and any claim based on this theory is meritless."[9] Plaintiff's remaining claims fare no better.

Plaintiff cannot state a claim based on his lack of knowledge or understanding of the documents that he signed. It is well-settled that "[a] person who signs a written instrument is presumed to know its contents and

---

[9] Austin v. Bank of Am., N.A., No. CV 16-8726, 2016 WL 6777614, at *5 (E.D. La. Nov. 16, 2016).

5

cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it."[10]

Plaintiff's argument that the bifurcation of the note and mortgage renders it unenforceable has been soundly rejected by other courts.[11] Under Louisiana law, Louisiana Civil Code article 3312 provides that "[a] transfer of an obligation secured by a mortgage includes the transfer of the mortgage."[12]

Plaintiff fails to allege his fraud claims with any specificity. Under Federal Rule of Civil Procedure 9(b), a plaintiff who alleges fraud "must state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusional allegations."[13] "[A]t a minimum, Rule 9(b) requires that the plaintiff specify the particulars of 'time, place, and contents of the false representations.'"[14] Plaintiff vaguely alleges that Defendant used "steering tactics," "avoided crucial information," and "operated under false pretenses for unjust enrichment by double-dipping." These vague, conclusory, and nonsensical allegations are insufficient to assert any claim of fraud against Defendant.

Finally, Plaintiff's claim regarding "dishonor of presentment" likewise lacks sufficient factual allegations to state a claim. The Court assumes that

---

[10] Williams v. Interstate Dodge Inc., 34 So. 3d 1151, 1156 (La. App. Ct. 2010); Aguillard v. Auction Mgmt. Corp., 908 So.2d 1, 17 (La. 2005).

[11] *See* Richardson v. United Wholesale Mortg., LLC, No. CV 23-1548-BAJ-SDJ, 2024 WL 5705051, at *4 (M.D. La. July 18, 2024) (and cases cited therein).

[12] *See* Butler v. Quicken Loans Inc., No. CV 15-6799, 2016 WL 1383620, at *4 (E.D. La. Apr. 7, 2016).

[13] United States *ex rel*. Rafizadeh v. Cont'l Common, Inc., 553 F.3d 869, 873 (5th Cir. 2008).

[14] Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir. 1997).

the letters addressed to Brian Brown, Defendant's Chief Financial Officer, that Plaintiff attached to his opposition are the "presentments" to which he is referring. Therein, Plaintiff provided notice to Mr. Brown in six letters over several months of his request to cancel his account associated with the property at 4300 Jeanne Marie Place in light of many of the same allegations of Defendant's wrongdoing addressed by this lawsuit, including a lack of consideration and a lack of value given to Plaintiff. After Mr. Brown failed to respond to any of the notices of cancellation, Plaintiff deemed the failure as constituting acceptance of the terms of his earlier letters and declared that he is owed certain amounts of money by Defendant. Notwithstanding the fact that Plaintiff has not identified any duty of Mr. Brown to respond to these letters, his arguments for cancellation of his note and mortgage fail for the reasons already addressed above.

Further, to the extent that Plaintiff is attempting to allege a claim for a violation of 12 U.S.C.A. § 2605 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), he has failed to do so as well. Section 2605(e) provides that:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

However, in order to state a claim for a violation of § 2605(e), Plaintiff must allege that his correspondence met the requirements of a qualifying written request, that Defendant failed to make a timely response, and that this failure

caused him actual damages.[15] To be a qualifying written request under §
2605(e), "the correspondence from the borrower must enable the servicer to
identify the name and account of the borrower, include a statement of the
reasons for the borrower's belief that the account is in error, or provide
sufficient detail to the servicer regarding other information sought by the
borrower."[16] Further, courts have held that "general requests for information
are insufficient and instead the request for information must relate to the
servicing of the loan."[17] "For example, RESPA does not require the servicer to
produce information to verify the legitimacy of the loan nor does it require the
servicer to respond to a request for loan origination documents."[18] Construing
Plaintiff's allegations liberally, he alleges that he requested copies of "book
keeping," corporate records, and a wet ink copy of the promissory note. These
requests do not relate to loan servicing and are the sort of requests for "general

---

[15] Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 241 (5th Cir. 2014).

[16] *Id.*

[17] Foster v. Bank of New York Mellon, No. 4:17-CV-319-ALM-CAN, 2018 WL 2993564,
at *5 (E.D. Tex. May 10, 2018), report and recommendation adopted, No. 4:17-CV-319, 2018
WL 2981340 (E.D. Tex. June 13, 2018).

[18] Jackson v. Standard Mortg. Corp., No. 6:18-CV-00927, 2021 WL 1342971, at *5
(W.D. La. Apr. 9, 2021), aff'd, No. 21-30200, 2023 WL 1880001 (5th Cir. 2023).

information" not covered by RESPA.[19] Further, Plaintiff has not alleged that he suffered damages because of Defendant's failure to respond.

Considering the foregoing, this Court finds that amendment would be futile as Plaintiff cannot state a claim on these facts.

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 25th day of September, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] In addition, the Court has serious doubts that the Chief Financial Officer of the loan servicer would be the appropriate person to which to send requests under RESPA. The mortgage expressly provides that any notice to the lender will only be deemed to have been given to the lender if it is received at the address stated in the mortgage document. Doc. 6-3 at 15. "Where a servicer complies with the notice requirements for designating an exclusive QWR [qualifying written request] office and address, a letter sent to a different office and address is not considered a QWR under RESPA." Geoffrion v. Nationstar Mortg. LLC, 182 F. Supp. 3d 648, 658 (E.D. Tex. 2016).

9